JOHN H. KELLEHER *vs.* BOARD OF PUBLIC ACCOUNTANCY. February 13, 1997. *Board of Public Accountancy. Accountant. Advertising.*

The plaintiff, John Kelleher, appeals from a decision of a single justice of this court. The single justice affirmed an amended decision of the Board of Public Accountancy (board) to impose sanctions on the plaintiff for false and misleading advertisements. On appeal, the plaintiff claims the single justice erred on two issues.[1] We agree with the decision of the single justice.

The plaintiff argues that the single justice erred in concluding that the advertisements were misleading and deceptive. The advertisements are before us as well as the plaintiff's testimony. Three of the four advertisements listed persons as "contacts" in the firm. However, these individuals, according to the plaintiff, were independent contractors whom he consulted on occasion. One of these advertisements listed a person's name above the firm name and designation "Certified Public Accountants," though this person was neither an employee nor a licensed public accountant. The fourth advertisement listed seven individuals, other than the plaintiff, under the firm's name and the heading "professional staff." Six of those people never had been employed by the firm but rather had been consulted occasionally.

After de novo review of the plaintiff's testimony and the advertisements, we also conclude that the advertisements were misleading and deceptive. As the single justice noted, "After reading these materials, the ordinary consumer is likely to believe that the firm's 'contacts' and 'professional staff' are employed on a permanent basis, thus lending a sense of prestige to the firm that would not exist if it were clear that these individuals were used as consultants."

---

[1]The plaintiff also appeals the issues fully discussed in the single justice's memorandum and order. We address only the two issues in which the plaintiff claims error by the single justice.

The plaintiff's reliance on *Peel* v. *Attorney Registration & Disciplinary Comm'n of Ill.*, 496 U.S. 91 (1990), is misplaced. By representing as employees persons who were not employed by the firm, the plaintiff's advertisements were misleading and not simply subject to misinterpretation. See *In re R.M.J.*, 455 U.S. 191, 203 (1982). See also *Gurry* v. *Board of Pub. Accountancy*, 394 Mass. 118 (1985); 252 Code Mass. Regs. § 3.05 (1) (1993).

The plaintiff also alleges that the single justice erred in concluding that the show cause order adequately informed him of the charges. The order to show cause stated that the board was proceeding pursuant to 252 Code Mass. Regs. § 3.05 (2) (a) (1993), which prohibits, under subsection (1), "false, deceptive or misleading" advertising. The show cause order stated specifically that "his advertisements are deceptive and misleading" and that his advertisement lists "three unlicensed individuals which falsely misleads the public as to the form of practice and *persons who are partners of the firm*" (emphasis added). The charges on which the board imposed sanctions are consistent with the show cause order. See 801 Code Mass. Regs. § 1.01 (6) (d) (1993).

*Judgment affirmed.*

*John G. Neylon & Kevin D. McGann* for the plaintiff.

*Pierce O. Cray*, Assistant Attorney General, for the Board of Public Accountancy.